```
                 UNITED STATES BANKRUPTCY COURT
                 MIDDLE DISTRICT OF NORTH CAROLINA
                         GREENSBORO DIVISION

IN RE:                           )
                                 )
Piedmont Engineers of the        )    Case No. 07-10315C-7G
Carolinas, P.C.,                 )
                                 )
         Debtor.                 )
                                 )
_____)
                                 )
Pramco CV6, LLC and Everett      )
B. Saslow, Jr., Trustee for      )
Piedmont Engineers of the        )
Carolinas, P.C.,                 )
                                 )
         Plaintiffs,             )    A.P. No. 08-02009
                                 )
v.                               )
                                 )
Merbok MDF Sdn Bhd,              )
                                 )
         Defendant.              )
                                 )
```

## MEMORANDUM OPINION

This adversary proceeding came before the court on July 8, 2008, for hearing on Defendant's Motion to Dismiss. B. Thomas Peele, III and James R. Hundley appeared on behalf of the Defendant and W. Walt Pettit appeared on behalf of the Plaintiffs. For the reasons that follow, the court has concluded that the parties are contractually bound to arbitrate the controversy involved in this proceeding and that this court, therefore, should not consider the merits of the controversy. Rather, pursuant to 9 U.S.C. § 3, this proceeding shall be stayed pending the conclusion of the parties' arbitration.

FACTS

The pertinent facts are undisputed and are as follows. The Defendant is a Malaysian company. In 2002, the Defendant and the Debtor entered into a contract under which the Debtor was to supply and install certain equipment for a fiberboard plant located in Sri Lanka. In 2004, a dispute arose regarding the performance of the Debtor and whether the Defendant was obligated to pay the price specified in the contract. This dispute was unresolved when the Debtor filed for bankruptcy relief in February of 2008. This proceeding is an action to recover damages for Defendant's alleged breach of the pre-petition contract between the Debtor and the Defendant.

The contract contains the following provision:

> 16.1 The parties shall use their good faith efforts to settle any dispute arising out of or in connection with the execution and performance of this Contract amicably.
>
> 16.2 If no amicable settlement can be reached between the parties, all disputes [arising] out of or in connection with this Contract shall be finally settled by arbitration according to the Rules of Conciliation and Arbitration of the International Chamber of Commerce by one or more arbitrators appointed according to the Rules. Venue shall be Singapore. The court of arbitration shall decide upon the dispute according to the provisions of this Contract and secondly to British substantive law.

The Defendant argues that the controversy involved in this proceeding is encompassed by the above arbitration provision and

that this action therefore should be stayed in order to allow the matter to be arbitrated in accordance with arbitration provision. Thus, the issue for determination is whether the claim alleged by the Plaintiffs is a matter that must be submitted to arbitration rather than being tried in this court or the district court. Resolution of this issue involves a two-pronged inquiry: Is the arbitration clause applicable to the controversy involved in this proceeding and, if so, should the arbitration clause be enforced in this proceeding?

## ANALYSIS

In deciding whether the arbitration clause is applicable to the controversy described in the Plaintiff's complaint, this court must remain cognizant of the rules of construction that are applicable to arbitration agreements. Because of the strong federal policy favoring arbitration, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). This "heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration. . . ." Long v. Silver, 248 F.3d 309, 316 (4th Cir. 2001). Consequently, an arbitration agreement must be enforced "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation

that covers the asserted dispute." Id. The above-quoted arbitration provision provides for the arbitration of "all disputes [arising] out of or in connection with this Contract. . . ." Giving effect to the foregoing rules of construction, the court concludes that this language clearly is broad enough to encompass the dispute in this case involving the claim that the Debtor performed the contract and that the Defendant is obligated to pay the amount provided in the contract. See J.J. Ryan & Sons v. Rhone Poulenc Textile, S.A., 863 F.2d 315, 321 (4th Cir. 1988)(stating that an arbitration clause requiring arbitration of all disputes "in connection with" a contract "embraces every dispute between the parties having a significant relationship to the contract").

The question that remains is whether the arbitration clause should be enforced in this proceeding. The enforceability of an arbitration clause in proceedings in the bankruptcy court may vary, depending upon whether the proceeding is a core or a non-core matter. With respect to non-core matters, most courts have concluded that a bankruptcy court does not have discretion to deny enforcement of an arbitration clause. See Matter of Nat'l Gypsum, 118 F.3d 1056 (5th Cir. 1997); Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114 (2d Cir. 1991); Hayes & Co. v. Merrill Lynch Pierce, Fenner & Smith, Inc., 885 F.2d 1149 (3rd Cir. 1989); Pisgah Contractors, Inc. v. Rosen (In re Pisgah Contractors, Inc.), 215 B.R. 679 (W.D.N.C. 1995); In re Chorus Data Systems, Inc., 122 B.R.

845 (Bankr. D.N.H. 1990).

The claim asserted in this proceeding is not based upon and does not involve a substantive right created by bankruptcy law. The claim instead is one to recover damages for alleged breach of a pre-petition contract between the Defendant and the Debtor and, as such, is a non-core matter.  See In re Electric Machinery Enters., Inc., 479 F.3d 791, 798 (11th Cir. 2007)(determination of whether a contractor owes the debtor money under their contractual agreement is a non-core matter); Charter Managed Care Serv., LLC v. Managed Health Network, Inc. (In re Charter Behavioral Health Sys., LLC), 277 B.R. 54, 57 (Bankr. D. Del. 2002); Pisgah Contractors, 215 B.R. at 681 ("[A]ctions to collect prepetition accounts receivable are straightforward Marathon-type contract actions and are thus not core proceedings.").

The court has considered and rejected Plaintiff's argument that this matter should be treated as a core matter as a result of the Defendant having filed a counterclaim.  This argument is based upon the contention that a letter submitted by the Defendant after being served with process constituted a counterclaim.  While the letter was written in response to the complaint, it does not amount to the assertion of a claim for relief by the Defendant and does not contain or constitute a counterclaim.

Since this proceeding involves a non-core matter, the court concludes that the arbitration provision is enforceable.  As a

result, this court may not consider the merits of this proceeding. However, this does not mean that this proceeding must be dismissed. Instead, pursuant to 9 U.S.C. § 3, the court will stay this proceeding pending the conclusion of the parties' arbitration. See Schwartz v. Coleman, 833 F.2d 310, 1987 WL 38184, at *2 (4th Cir. November 3, 1987); Old Republic Ins. Co. v. Meadows Indem. Co. Ltd., 870 F. Supp. 210, 211 (N.D. Ill. 1994); Klauder & Nunno Enters., Inc. v. Hereford Assocs., Inc., 723 F. Supp. 336, 340-41 (E.D. Pa. 1989). An order so providing is being entered contemporaneously with the filing of this memorandum opinion.

This 28th day of July, 2008.

WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

James R. Hundley, Esq.
Scott F. Wyatt, Esq
P.O. Drawer 2086
High Point, NC 27261-2086

W. Walt Pettit, Esq.
2701 Coltsgate Road, Suite 300
Charlotte, NC 28211

Everett B. Saslow, Jr.
P.O. Box 989
Greensboro, NC 27402